# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| | |
|---|---|
| THE CINCINNATI INSURANCE COMPANY, <br> 6200 S. Gilmore Road <br> Fairfield, Ohio 45014-5141 <br><br> Plaintiff, <br><br> v. <br><br> NORFOLK TRUCK CENTER, INC. <br> 736 Tidewater Drive <br> Norfolk, Virginia 23504 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:18at99999 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Cincinnati Insurance Company (hereinafter "Plaintiff" or "Cincinnati"), by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Complaint for Declaratory Judgment against defendant Norfolk Truck Center, Inc. ("Defendant" or "Norfolk Truck").

## PARTIES

1. Plaintiff Cincinnati is a corporation formed and existing under the laws of the State of Ohio, with its principal place of business located in Ohio. Cincinnati, therefore, is a citizen of the State of Ohio and is not a citizen of Virginia. Cincinnati submits itself to the jurisdiction of this Court.

2. Defendant Norfolk Truck is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located at 736 Tidewater Drive, Norfolk, Virginia, 23504.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. The venue of this action is properly predicated on 28 U.S.C. § 1391 and Rule 3(C) of the Rules of the U.S. District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred, in which the Defendant resides and/or does business, and/or in which the Defendant is subject to personal jurisdiction, including the delivery of the relevant insurance contract by Cincinnati to Norfolk Truck in Norfolk, Virginia.

## BACKGROUND

5. Cincinnati issued a contract of commercial insurance to Norfolk Truck, bearing Policy No. ENP0243066, effective from March 1, 2017, through March 1, 2020 (the "Insurance Contract"). A certified copy of the Insurance Contract is attached hereto as **Exhibit 1** and is incorporated by reference as if fully restated herein.

6. Norfolk Truck is a dealership for commercial medium- and heavy-duty trucks manufactured by Crane Carrier Company ("Crane"), among other manufacturers.

7. Kimble Mixer Company ("Kimble Mixer") is a dealer in commercial truck parts, including but not limited to truck parts manufactured by Crane.

8. Crane manufactures truck parts that are incorporated into some of the final trucks that Norfolk Truck sells.

9. In or about 2016, Norfolk Truck received an order for two trucks from the City of Hampton (the "City of Hampton Trucks").

10. Norfolk Truck ordered the chassis for the City of Hampton Trucks from Crane through Kimble Mixer.

11. On or about December 22, 2016, 10:25 a.m., Lorraine Farrow, Accountant for Kimble Mixer sent an electronic mail to David Harlow, President and CEO of Norfolk Truck, to which electronic mail was attached two invoices for the City of Hampton Trucks, Invoice Number H1674462 and Invoice Number H1674463 (together, the "City of Hampton Truck Invoices").

12. Lorraine Farrow's electronic mail address on her December 22, 2016, 10:25 a.m. electronic mail was "lfarrow@kimblemixer.com".

13. By electronic mail dated December 29, 2016, at 9:11 a.m., David Harlow forwarded the City of Hampton Truck Invoices to Betty Reynolds, Secretary/Treasurer of Norfolk Truck.

14. A true and accurate copy of correspondence and attachments related to the December 2016 transaction is attached as **Exhibit 2**, and is incorporated by reference as if fully restated herein.

15. In her December 22, 2016 electronic mail, Lorraine Farrow stated that Norfolk Truck should wire the payment for the City of Hampton Truck Invoices as follows:

>MERCANTILE BANK OF MI
>ABA: 072413829
>ACCT NO: 100145812

See **Exhibit 2.**

16. The address for Kimble Mixer on the Hampton Truck Invoices was as follows:

> Kimble Mixer Company (dba) HSVG
> 1951 Reiser Ave. SE
> New Philadelphia, OH 44663
>
> 330-306-6700 (PH)
> 330-339-4892 (FX)

See **Exhibit 2.**

17. Betty Reynolds forwarded the City of Hampton Truck Invoices for payment under Norfolk Truck's floorplan arrangement with Southern Bank.

18. The City of Hampton Invoices were paid by means of a wire transaction from Southern Bank to Kimble Mixer on or about December 29, 2016, according to the original and accurate wiring instructions sent by Lorraine Farrow at Kimble Mixer.

19. On December 29, 2016, at 8:42 p.m., David Harlow received an electronic mail, allegedly from Lorraine Farrow at Kimble Mixer, but which came from an unidentified person (referred to herein as the "Imposter") who was not Lorraine Farrow. See **Exhibit 2.**

20. On the December 29, 2016, 8:42 p.m. electronic mail, the Imposter used electronic mail address "farrow@kimblesmixer.com", which removed the "l" character from the front of the address, and added the "s" character between "kimble" and "mixer". See **Exhibit 2.**

21. In the December 29, 2016, 8:42 p.m. electronic mail, the Imposter stated that:

> Hello David,
> You might have to hold off wire as I just got a directive to
> stop all pending transactions on our current bank account.
> I will prepare the updated banking info on our letterhead
> and send to you shortly.

> I sincerely apologize for this embarrassing situation.
>
> Thank you.
>
> Lorraine Farrow

See **Exhibit 2.**

22. On December 29, 2016, at 9:41 p.m., David Harlow received another email from the Imposter, which stated as follows:

> Hello David,
>
> Find the attached wiring instructions. Let me know when wire is sent.

See **Exhibit 2.**

23. The wiring instructions attached to the December 29, 2016, 9:41 p.m. electronic mail stated as follows:

> Kimble Mixer Company (dba) HSVG
> 1951 Reiser Ave. SE
> New Philadelphia, OH  44663
>
> 330-306-6700 (PH)
> 330-339-4892 (FX)
>
> WIRING INSTRUCTIONS
>
> Account Name/Beneficiary:  THEWO INVESTMENT LLC
> 1951 Reiser Ave. SE
> New Philadephia, OH 44663
>
> Beneficiary Bank:    BANK OF AMERICA
> 1 Permeter Center East
> Atlanta, GA  30346
>
> Routing #: 026009593
>
> Account #: 3340048077077

See **Exhibit 2.**

24. David Harlow understood that Norfolk Truck already had sent the payment for the City of Hampton Truck Invoices to Kimble Mixer pursuant to the original wiring instructions.

25. David Harlow stored the emails from the Imposter in his electronic mail folder for the City of Hampton and ignored the change in wiring instructions, taking no further action to investigate the emails from the Imposter, or to determine whether Lorraine Farrow might have changed the wiring instructions.

26. David Harlow did not forward the Imposter's wiring instructions to Betty Reynolds or any other person at Norfolk Truck.

27. David Harlow did not recognize that the email address on the Imposter's emails was not authentic following the December 29, 2016 electronic mails from the Imposter.

28. In or about 2017, Norfolk Truck received an order for two trucks from the City of Norfolk (the "City of Norfolk Trucks").

29. Norfolk Truck ordered the chassis for the City of Norfolk Trucks from Crane through Kimble Mixer.

30. On August 25, 2017, 10:49 a.m., Norfolk Truck received an email purportedly from Lorraine Farrow at Kimble Mixer, but which came from the Imposter at "farrow@kimblesmixer.com" which stated as follows:

> Hello David,
>
> Attached are the two invoices for the two City of Norfolk, VA truck J1674690 & J1674691. And our wiring info:
>
> Lorraine Farrow
> Accountant
> Kimble Mixer Company
> Phone 330-308-6755

       Fax <u>330-339-4892</u>
       Hines Specialty Vehicle | Group Crane Carrier Company | Kimble Manufacturing Company

31. A true and accurate copy of correspondence and attachments related to the August 25, 2017 transaction is attached as **Exhibit 3**, and is incorporated by reference as if fully restated herein.

32. The wiring instructions attached to the Imposter's August 25, 2017 electronic mail stated as follows:

> *Remit **To:***
> **Kimble Mixer Company (dba) HSVG**
> **1951 Reiser Ave. SE**
> **New Philadelphia, OH  44663**
>
> **330-306-6700 (PH)**
> **330-339-4892 (FX)**
>
> WIRING INSTRUCTIONS:
>
> Bank Name:
> JP MORGAN CHASE
> 2566 Shallowford Rd,
> Atlanta, GA  30345
> Routine#:  061092387
>
> Account Name:
> T. INTERSTATE TRUCKING LLC
> P.O Box 9050 Coppell,
> TX 75019-9050
>
> Account #:  152937378

<u>See</u> **Exhibit 3.**

33. By electronic mail dated August 25, 2017, at 11:14 a.m., David Harlow forwarded the Imposter's email and attachments to Shelayne Boswell, Senior Vice President and Commercial Loan Officer for Southern Bank, and copied to Betty Reynolds, stating as

follows:

> Shelayne,
>
> Please see the attached invoices concerning the two new Crane Carrier chassis sold to the City of Norfolk.
>
> Also attached are the wiring instructions
>
> Please fund these two chassis on our floor plan line.
>
> Thank you,
>
> David Harlow

See **Exhibit 3**

34. By electronic mail dated August 25, 2017, 11:32 a.m., Shelayne Boswell responded to David Harlow and stated: "Great! We will get the documents ready for your signature. Is Tuesday OK?" See **Exhibit 3**.

35. By electronic mail dated August 25, 2017, 2:20 p.m., David Harlow responded to Shelayne Boswell, stating: "Yes, Tuesday will be good. Thank you, have a great weekend!" See **Exhibit 3**.

36. Shelayne Boswell prepared the appropriate floor plan documents for the August 25, 2017 transaction for the City of Norfolk Truck Invoices, including but not limited to: a Disbursement Request and Authorization form; a Errors and Omissions Agreement; a statement of "Funds Due At Closing;" a Corporate Resolution to Borrow/Grant Collateral; a Trust Certificate; a Promissory Note; a Commercial Security Agreement; copies of the City of Norfolk Truck Invoices; a copy of the Imposter's wiring instructions; an Agreement to Provide Insurance; a Notice of Insurance Requirements; and a certificate in Evidence of Property Insurance (the "Floor Plan Documents"). A true and accurate copy of the Floor Plan Documents provided to Cincinnati by Norfolk Truck is attached as **Exhibit 4** and incorporated

by reference as if fully restated herein.

37. Norfolk Truck, by David Harlow and Bruce Harlow, executed the Floor Plan Documents on or about August 29, 2017.

38. Upon receipt of the executed Floor Plan Documents, on or about August 31, 2017, Shelayne Boswell wired payment in the amount of the City of Norfolk Truck Invoices ($333,724.00) according to the Imposter's wiring instructions. A copy of the confirmation of the wire of funds to the Imposter received by Norfolk Truck from Shelayne Boswell is attached as **Exhibit 5** and incorporated by reference as if fully restated herein.

39. The JP Morgan account that received the August 31, 2017 wire transaction actually belonged to the Imposter, not to Kimble Mixer.

40. Norfolk Truck has received invoices from Crane/Kimble Mixer by electronic mail for approximately 8-10 years.

41. Crane/Kimble Mixer has requested Norfolk Truck to forward payment for invoices to the Michigan Bank for years.

42. At all relevant times, Norfolk Truck had not established any internal controls to verify wiring instructions.

43. Norfolk Truck did not contact Lorraine Farrow or anyone else at Crane/Kimble Mixer by telephone or otherwise to verify the wiring instructions received in the Imposter's August 25, 2017, 10:40 a.m. electronic mail.

44. Norfolk Truck did not verify or question the discrepancies between the Michigan Bank wire transfer information and the JP Morgan Bank wire transfer information on or about August 25, 2017.

45. On October 5, 2017, Crane/Kimble Mixer notified Norfolk Truck and

Crane/Kimble Mixer had never received the $333,724 payment for the Norfolk Trucks.

46. On October 6, 2017, Norfolk Truck, by and through its President and CEO David Harlow, executed a Wire Transfer Affidavit (the "Wire Transfer Affidavit") to Southern Bank to report the Imposter's actions. A true and accurate copy of the Wire Transfer Affidavit is attached as **Exhibit 6** and incorporated by reference as if fully restated herein.

47. The Wire Transfer Affidavit states that Norfolk Truck "authorized one or more wire debit entries to JP Morgan Chase for T. Interstate Trucking … in the amount of $333,724.00 from my account(s) at the Bank but have since found that I am a victim of fraud." See **Exhibit 6**, p. 1 of 3.

48. Norfolk Truck affirmatively authorized the payment to the Imposter, who was not Crane/Kimble Mixer, without in any way investigating why Crane/Kimble Mixer had purportedly changed its wiring instructions from the Michigan Bank to J.P. Morgan.

49. On October 6, 2017, Norfolk Truck submitted an insurance claim to Cincinnati (the "Claim") relating to the Imposter's actions, seeking to recover the payment made to the Imposter.

50. Norfolk Truck has alleged that it lost $333,724 by its authorizing a payment of funds to the Imposter.

51. Cincinnati and Norfolk Truck jointly signed a Non-Waiver Agreement dated October 23, 2017.

## THE INSURANCE CONTRACT

52. In relevant part, the Insurance Contract includes a Crime and Fidelity Coverage Part ("CFC Coverage Part").

53. The CFC Coverage Part includes certain provisions related to computer fraud.

54. The CFC Coverage Part states as follows, in relevant part, with respect to the Claim:

**COMMERCIAL CRIME COVERAGE FORM**
**(DISCOVERY FORM)**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is or is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section F. Definitions.

**A.    Insuring Agreements**

Coverage is provided under the following Insuring Agreements for which a Limit of Insurance is shown in the Declarations and applies to loss that you sustain resulting directly from an "occurrence" taking place at any time which is "discovered" by you during the Policy Period shown in the Declarations or during the period of time provided in the Extended Period to Discover Loss Condition **E.1.g.:**

…

**6.    Computer Fraud**

We will pay for loss of or damage to "money", "securities" and "other property" resulting *directly* from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises":

**a.**    To a person (other than a "messenger") outside those "premises"; or

**b.**    To a place outside those "premises".

**Exhibit 1,** CFC Coverage Part, Form CR 00 20 05 06, p. 1-2 of 13 (italics added).

55.    The Insurance Contract defines the term "messenger" to mean "you, or a

relative of yours, or any of your partners or 'members', or any 'employee' while having care and custody of property outside the 'premises'." **Exhibit 1**, CFC Coverage Part, Form CR 00 20 05 06, p. 12 of 13.

56. The Insurance Contract defines the term "premises" to mean "the interior of that portion of any building you occupy in conducting your business." **Exhibit 1**, CFC Coverage Part, Form CR 00 20 05 06, p. 12 of 13.

57. The Insurance Contract provides that Cincinnati will pay for loss of or damage to "money", "securities" and "other property" <u>resulting directly</u> from the use of any computer to fraudulently cause a transfer of that property from inside the "premises" or "banking premises":

      **a.** To a person (other than a "messenger") outside those "premises"; or

      **b.** To a place outside those "premises".

**Exhibit 1,** CFC Coverage Part, Form CR 00 20 05 06, p. 1-2 of 13 (emphasis added).

58. By enumerating certain provisions of the Insurance Contract, Cincinnati does not waive its right to assert any terms, conditions, limitations, exclusions, definitions or any other provisions of the Insurance Contract. Cincinnati reserves the right to assert any other specific provisions of the Insurance Contract to the extent they become relevant.

59. Cincinnati files the instant Complaint for Declaratory Judgment asking this Court to declare that Cincinnati has no duty under the Insurance Contract to indemnify Norfolk Truck in connection with the Claim and/or any ensuing litigation or settlement that may result from the Claim.

60. Norfolk Truck affirmatively authorized the payment to the Imposter's JP Morgan Account upon review of Norfolk Truck Invoices attached to the Imposter's August 25, 2017, 10:49 a.m. electronic mail.

61. David Harlow and other at Norfolk Truck failed to intercept the Imposter's electronic mail messages in December 2016 in connection with the City of Hampton Truck Invoices, when doing so could have prevented later actions by the Imposter.

62. Norfolk Truck's wire transaction payment to the Imposter's account on August 31, 2017, did not result directly from the use of any computer.

63. Rather, Norfolk Truck received the Imposter's email and attached invoices for the City of Norfolk Trucks; forwarded the City of Norfolk Truck Invoices to Shelayne Boswell at Southern Bank; executed the Floor Plan Documents; and authorized Southern Bank to make payment to the Imposter's account.

64. David Harlow affirmatively directed Shelayne Boswell at Southern Bank to make payment by wire transfer for the City of Norfolk Truck Invoices to the Imposter's account.

65. But for Norfolk Truck's affirmative authorization of the payment of the invoices, no loss could have occurred.

66. The Claim, therefore, is not covered under the Computer Fraud Insuring Agreement because any loss of funds resulted from Norfolk Truck's failure to appreciate the Imposter's manipulation of the electronic mail address as compared with Lorraine Farrow's true electronic mail address at Crane/Kimble Mixer, and failure to verify the change in wiring instructions, where the wire transfer at issue was for $333,724.00.

67. The Claim is not covered under the Insurance Contract.

68. A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Cincinnati may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

69. Accordingly, Cincinnati seeks a declaration from this Court that Cincinnati has no duty to indemnify Norfolk Truck, or anyone else, for any liability or damages related to the Claim on the grounds that any damages were not covered by the Insuring Agreements in the Insurance Contract.

70. Cincinnati reserves all of its rights under the Insurance Contract and applicable law. By seeking a declaratory judgment based on the foregoing provisions of the Insurance Contract, Cincinnati does not waive any potential coverage defenses pursuant to any terms, conditions, limitations, exclusions, definitions, or any other provision of the Insurance Contract. Developments in connection with this Complaint and the Claim may render additional defenses to coverage ripe for judicial determination.

71. Cincinnati reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

**PRAYER FOR RELIEF**

WHEREFORE, Cincinnati respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Insurance Contract, including, but not limited to, the following:

(a) that Norfolk Truck's loss of funds to the Imposter was not caused "directly" by the use of any computer;

(b) that Norfolk Truck's loss of funds to the Imposter do not satisfy the terms of the Computer Fraud insuring provision in the Insurance Contract; and

(c) Cincinnati has no duty under the Insurance Contract to indemnify Norfolk Truck for its loss of funds to the Imposter;

(d) that this Court provide such further and supplemental relief as it deems necessary and proper, including but not limited to, an award of costs in favor of Plaintiff Cincinnati.

Done this 17th day of October, 2018.

Respectfully submitted,

CINCINNATI INSURANCE COMPANY
BY MIDKIFF, MUNCIE & ROSS, P.C.

By: /s/ Robert Tayloe Ross

Robert Tayloe Ross (Va. Bar No. 29614)
Diane U. Montgomery (Va. Bar No. 31850)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600 (phone)
(804) 560-5997 (fax)
E-mail:  rross@midkifflaw.com
E-mail: dmontgomery@midkifflaw.com

*Counsel for Cincinnati Insurance Company*