**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| THE CINCINNATI INSURANCE COMPANY,<br>6200 S. Gilmore Road<br>Fairfield, Ohio 45014-5141 | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No.: 2:18-cv-531 |
| NORFOLK TRUCK CENTER, INC.<br>736 Tidewater Drive<br>Norfolk, Virginia 23504 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT

Defendant, Norfolk Truck Center, Inc., (hereinafter "Defendant" or "Norfolk Truck"), by counsel, pursuant to the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Answer to Complaint for Declaratory Judgment in response to the Complaint for Declaratory Judgment filed by the Plaintiff, the Cincinnati Insurance Company, (hereinafter, "Plaintiff" or "Cincinnati").

### PARTIES

1. Defendant admits paragraph 1 of the Complaint.

2. Paragraph 2 of Plaintiff's Complaint is admitted in part and denied in part. It is admitted that Norfolk Truck is a corporation with its principal place of business located at 736 Tidewater Drive, Norfolk, Virginia 23504. It is denied that Norfolk Truck is a corporation organized and existing under the laws of the Commonwealth of Virginia. Norfolk Truck is a corporation organized and existing under the laws of Delaware

### JURISDICTION AND VENUE

1

3. Defendant admits paragraph 3 of the Complaint.

4. Defendant admits paragraph 4 of the Complaint.

## BACKGROUND

5. Defendant admits paragraph 5 of the Complaint.

6. Defendant admits paragraph 6 of the Complaint.

7. Defendant admits in part and denies in part paragraph 7 of the Complaint. It is admitted that Kimble Mixer Company is a dealer in commercial truck parts. Defendant is without information or knowledge sufficient at this time to form a belief as to the truth of the remainder of the allegations in paragraph 7 of the Complaint and, therefore, denies them.

8. Defendant is without information or knowledge sufficient at this time to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies them.

9. Defendant admits paragraph 9 of the Complaint.

10. Defendant admits paragraph 10 of the Complaint.

11. Defendant admits paragraph 11 of the Complaint.

12. Defendant admits paragraph 12 of the Complaint.

13. Defendant admits paragraph 13 of the Complaint.

14. Defendant admits paragraph 14 of the Complaint.

15. Defendant admits paragraph 15 of the Complaint.

16. Defendant admits paragraph 16 of the Complaint.

17. Defendant admits paragraph 17 of the Complaint.

18. Defendant admits paragraph 18 of the Complaint.

19. Defendant admits paragraph 19 of the Complaint.

20. Defendant admits paragraph 20 of the Complaint.

21. Defendant admits paragraph 21 of the Complaint.

22. Defendant admits paragraph 22 of the Complaint.

23. Defendant admits paragraph 23 of the Complaint.

24. Defendant admits paragraph 24 of the Complaint.

25. Defendant denies the allegations in paragraph 25 of the Complaint.

26. Defendant admits paragraph 26 of the Complaint.

27. Defendant admits paragraph 27 of the Complaint.

28. Defendant admits paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29.

30. Defendant admits in part and denies in part the allegations of paragraph 30.  It is admitted that Defendant did receive the alleged email at the alleged time from the imposter, but it is denied that the email has been accurately reconstructed in the Complaint.

31. Defendant admits paragraph 31 of the Complaint.

32. Defendant admits Paragraph 32 of the Complaint.

33. Defendant admits paragraph 33 of the Complaint.

34. Defendant admits paragraph 34 of the Complaint.

35. Defendant admits paragraph 35 of the Complaint.

36. Defendant is without information or knowledge sufficient at this time to form a belief as to the truth of the allegations of paragraph 36 of the Complaint and, therefore, denies them.

37. Defendant admits paragraph 37 of the Complaint.

38. Defendant admits paragraph 38 of the Complaint.

39. Defendant is without information or knowledge sufficient at this time to form a belief as to the truth of the allegations of paragraph 39 of the Complaint and, therefore, denies them.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant admits paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44.

45. Defendant admits paragraph 45 of the Complaint.

46. Defendant admits paragraph 46 of the Complaint.

47. Defendant admits paragraph 47 of the Complaint

48. Defendant denies the allegations in paragraph 48.

49. Defendant admits paragraph 49 of the Complaint.

50. Defendant admits in part and denies in part the allegations of paragraph 50. It is admitted that Defendant incurred a loss of $333,724. It is denied that payment was authorized to the imposter, and all other allegations contained within paragraph 50 are denied.

51. Defendant admits paragraph 51 of the Complaint.

## **THE INSURANCE CONTRACT**

52. Defendant admits paragraph 52 of the Complaint.

53. Defendant admits paragraph 53 of the Complaint.

54. Defendant admits paragraph 54 of the Complaint.

55. Defendant admits paragraph 55 of the Complaint.

56. Defendant admits paragraph 56 of the Complaint.

57. Defendant admits paragraph 57 of the Complaint.

58. Defendant admits paragraph 58 of the Complaint.

59. Defendant admits in part and denies in part the allegations of paragraph 59 of the Complaint. It is admitted that Cincinnati has filed the instant Complaint for Declaratory Judgment but it is denied that Cincinnati has no duty under the Insurance Contract to indemnify Defendant in connection with the Claim and/or any ensuing litigation or settlement that may result from the Claim.

60. Defendant denies the allegations of paragraph 60 of the Complaint.

61. The allegations in paragraph 61 call for legal conclusions to which no response is required. To the extent any response is required Defendant denies the allegations in paragraph 61 of the Complaint.

62. Defendant denies the allegations of paragraph 62 of the Complaint.

63. Defendant denies the allegations of paragraph 63 of the Complaint.

64. Defendant denies the allegations of paragraph 64 of the Complaint.

65. The allegations in paragraph 65 call for legal conclusions to which no response is required. To the extent any response is required Defendant denies the allegations in paragraph 65 of the Complaint.

66. The allegations in paragraph 66 call for legal conclusions to which no response is required. To the extent any response is required Defendant denies the allegations of paragraph 66 of the Complaint.

67. The allegations in paragraph 67 call for legal conclusions to which no response is required. To the extent any response is required Defendant denies the allegations of paragraph 67 of the Complaint.

68. The allegations in paragraph 68 are admitted in part and denied in part. It is admitted that a controversy of a justiciable nature exists between the parties, but it is denied that the Court should determine that Cincinnati may have its rights and duties under the Insurance contract determined and avoid the possible accrual of damages.

69. The allegations of paragraph 69 are admitted in part and denied in part. It is admitted that Cincinnati seeks a declaration from this Court, but it is denied that damages were not covered by the Insuring Agreements in the Insurance Contract.

70. Defendant is not called on to admit or deny the allegations of paragraph 70 of the Complaint.

71. Defendant is not called on to admit or deny the allegations of paragraph 71 of the Complaint.

## AFFIRMATIVE DEFENSES

72. Plaintiff's Complaint fails to state a claim on which relief may be granted.

Defendant reserves the right to assert other affirmative defenses as discovery progresses in this case.

## PRAYER FOR RELIEF

WHEREFORE, Norfolk Truck respectfully requests this Court enter a judgment declaring the rights and obligations of the parties under the Insurance Contract, including but not limited to, the following:

(a) That Norfolk Truck's loss was directly caused by the use of a computer.

(b) That Norfolk Truck's loss of funds to the Imposter do satisfy the terms of the Computer Fraud insuring provision in the Insurance contract; and

    (c)    Cincinnati has an affirmative duty under the Insurance Contract to indemnify Norfolk Truck for its loss of funds to the Imposter.

    (d)    That this Court provide such further and supplemental relief as it deems necessary and proper, including but not limited to, an award of costs in favor of the Defendant, Norfolk Truck Center, Inc.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Defendant calls for a trial by jury in this action.

Respectfully Submitted,

NORFOLK TRUCK CENTER, INC.
BY STACKHOUSE, NEXSEN,& TURRIETTA

By:    /s/               .
      William W. Nexsen

William W. Nexsen (Va. Bar No. 17596)
Joshua E. Lepchitz (Va. Bar. No. 90872)
**Stackhouse, Nexsen, & Turrietta PLLC**
4505 Colley Avenue
Norfolk, Virginia 23508
(757) 623-3555 – Phone
(757) 624-9245 – Facsimile
E-mail:wnexsen@sntlegal.com
E-mail:jlepchitz@sntlegal.com

*Counsel for Norfolk Truck Center, Inc.*

7

## CERTIFICATE

I hereby certify that on this 20th day of December 2018, a true copy of the foregoing Answer was emailed to the following as well as filed electronically using the Court's CM/ECF system causing a true and correct copy to be served on all counsel of record.

Robert Tayloe Ross (Va. Bar No. 29614)
Diane U. Montgomery (Va. Bar No. 31850)
Midkiff, Muncie, & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600          (phone)
(804) 560-5997  (fax)
E-mail:rross@midkifflaw.com
E-mail:dmontgomery@midkifflaw.com


                /s/
              William W. Nexsen (Va. Bar No. 17596)
              Joshua E. Lepchitz (Va. Bar. No. 90872)
              **Stackhouse, Nexsen, & Turrietta PLLC**
              4505 Colley Avenue
              Norfolk, Virginia 23508
              (757) 623-3555 – Phone
              (757) 624-9245 – Facsimile
              E-mail:wnexsen@sntlegal.com
              E-mail:jlepchitz@sntlegal.com

              *Counsel for Norfolk Truck Center, Inc.*